IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| (1) **TransCapital Leasing Associates 1992-VIII L.P.**, a Delaware limited partnership, (2) **Guaranty Bancshares, Inc.**, a Texas corporation and its subsidiaries, including (3) **Guaranty Bond Bank** f/k/a Guaranty Bank, a Texas banking association, and (4) **Guaranty Leasing Co.**, a Texas corporation, A PARTNER OTHER THAN THE TAX MATTERS PARTNER<br><br>Petitioners,<br><br>v.<br><br>**United States of America**,<br><br>Respondent. | §§§§§§§§§§§§§§§§§§§§§§§<br><br>CASE NO. 503 CV-24 |

## PETITIONERS' RESPONSE TO GOVERNMENT'S MOTION TO STAY PROCEEDINGS

Petitioners TransCapital Leasing Associates 1992-VIII, L.P. (the "1992-VIII Partnership") and Guaranty Bancshares, Inc., along with its subsidiaries, Guaranty Bond Bank f/k/a Guaranty Bank, and Guaranty Leasing Co. ("Petitioners") file this Response to the Government's Motion to Stay Proceedings and show this Court as follows:

1.  The United States premises its request for a stay on 28 USC § 1292(d)(4)(B), which states, "When a motion to transfer an action to the Claims Court is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion." 28 USC § 1292(4)(B). It continues stating, "If an appeal is taken from the

district court's grant or denial of the motion, proceedings shall be further stayed until the appeal has been decided by the Court of Appeals for the Federal Circuit." *Id.* This is the only statutory basis offered by the Government in support of its Motion.

2.  The above statutory provision is not applicable to the facts of this case. The Motion to Transfer Venue filed by the Government seeks to have the case transferred to the Eastern District of Virginia. It makes no mention of the Court of Federal Claims anywhere. Petitioners are perplexed as to how the Government finds support in this statutory provision for its motion to stay proceedings.[1]

3.  Petitioners would note that they have worked diligently to prepare for this upcoming trial. In addition to working with its expert witnesses and conducting other discovery, Petitioners have attempted to coordinate with the Government for the scheduling of depositions. Instead of working with Petitioners to schedule depositions in order to meet the upcoming discovery deadlines, the Government has instead filed the subject Motion to Stay Proceedings.

4.  Petitioners would also note that Petitioners served Requests for Production and Interrogatories on the Government on September 30, 2003. The government responded to Petitioners' discovery requests with numerous objections and provided very little by way of substantive responses. The Government's responses, which consisted mostly of objections, were served on Petitioners on November 5, 2003.

5.  The Government served its own set of Interrogatories and Requests for Production on Petitioners on November 14, 2003. Petitioners are currently working to respond to these discovery requests and expect to serve the Government with responses in a timely manner. Petitioners would also note that the Government issued subpoenas to 18 different persons and/or

---

[1] Petitioners may file a motion to transfer the case if the court determines it lacks jurisdiction in this case.

PETITIONERS' RESPONSE TO THE GOVERNMENT'S MOTION TO STAY PROCEEDINGS – Page 2
293074

entities on November 21, 2003 about the same time the Government filed its motion to stay this proceeding on November 25, 2003.

6. While the Government seems perfectly willing to issue its own discovery and subpoenas and expect timely responses, it seems unwilling to cooperate with Petitioners in connection with their discovery efforts. The Motion to Stay Proceedings appears to be further evidence of this fact.

For the foregoing reasons, Petitioners request that this Court deny the Government's Motion to Stay Proceedings.

Respectfully submitted,

By: *M. Todd Welty /by Permission/* 

M. Todd Welty
State Bar No. 00788642

MEADOWS, OWENS, COLLIER, REED,
 COUSINS & BLAU, L.L.P.
901 Main St., Ste. 3700
Dallas, TX 75202
(214) 744-3700 Tele.
(214) 747-3732 Fax

ATTORNEY-IN-CHARGE
FOR PETITIONERS

By: *Danny Woodson*

Danny Woodson
State Bar No. 21972200

WOODSON, COLLEY & COLLEY, L.L.P.
P.O. Box 399
Mt. Pleasant, TX 75456-0399
(903) 572-6675 Tele.
(903) 572-7348 Fax

LOCAL COUNSEL FOR PETITIONERS

## CERTIFICATE OF SERVICE

On this the 10th day of December, 2003, a copy of the foregoing Response to the Government's Motion to Stay Proceedings was delivered to counsel listed below via the means indicated.

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**#7112 9776 5060 0000 2164**

Waymon G. Dubose, Jr.
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201

_____
DANNY WOODSON